08-3347-ag
Xholi v. Holder

BIA
Laforest, IJ
A099 077 393

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of February, two thousand ten.**

**PRESENT:**

> **DENNIS JACOBS,**
> > *Chief Judge,*
> **PIERRE N. LEVAL,**
> **PETER W. HALL,**
> > *Circuit Judges.*

────────────────────────────────────

**SHEHAT XHOLI,**
> *Petitioner,*

> **v.**                                    **08-3347-ag**
>                                           **NAC**

**ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,**[1]
> *Respondent.*

────────────────────────────────────

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:          Andrew P. Johnson, New York, New York.

FOR RESPONDENT:          Gregory G. Katsas, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shehat Xholi, a native and citizen of Albania, seeks review of a July 19, 2008 order of the BIA affirming the October 27, 2006 decision of Immigration Judge ("IJ") Brigitte Laforest, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Shehat Xholi*, No. A099 077 393 (B.I.A. July 19, 2008), *aff'g* No. A099 077 393 (Immig. Ct. N.Y. City Oct. 27, 2006).  We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B); *see also*

*Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact.  *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

 Because Xholi filed his asylum application after May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 apply to his asylum application.  *See* Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).  For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007).

 As an initial matter, while Xholi's brief to the BIA mentioned the IJ's credibility determination, it presented no specific challenge to the credibility-related findings, asserting only that the IJ erroneously focused on "some confusion or mistakes" rather than his claims of persecution.  *See Lin Zhong v. U.S. Dep't of Justice*, 480

3

F.3d 104, 125 (2d Cir. 2007) (describing the issue exhaustion requirement as "mandatory"). However, because the BIA addressed some of the credibility issues not raised by Xholi, those specific issues are considered exhausted, and we may review them. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006); *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994).

Substantial evidence supports the agency's adverse credibility determination. The IJ noted several discrepancies in Xholi's testimony: (1) Xholi testified at his hearing that he was detained for 24 hours, but stated during his asylum interview that he was detained for a period of six hours, and (2) Xholi testified that Socialists shot at him on October 20, 2004, but stated during an asylum interview that the event took place in December 2004. Xholi argues that the IJ erred in failing to consider his explanation for the inconsistency regarding the length of his detention – that he was "out of his mind." However, the IJ considered Xholi's explanation, and was not compelled to accept it. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Even if these inconsistencies were deemed minor, the IJ was entitled to rely on their cumulative effect. *Xiu Xia*

4

*Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see also*
*Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).
Accordingly, under the REAL ID Act, the IJ properly relied
on these inconsistencies in denying Xholi's application for
relief.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*,
534 F.3d at 167.

Furthermore, contrary to Xholi's argument, the IJ was
not required to identify missing corroborating evidence and
to make a finding as to its availability before relying on a
lack of corroboration to support her credibility
determinations.  *See Biao Yang v. Gonzales*, 496 F.3d 268,
273 (2d Cir. 2007) (Explaining that an applicant's failure
to corroborate his or her testimony may bear on credibility,
either because the absence of particular corroborating
evidence is viewed as suspicious, or because the absence of
corroboration in general makes an applicant unable to
rehabilitate testimony that has already been called into
question).

These proper findings notwithstanding, the agency erred
in finding that Xholi lacked corroborating evidence from his
brother, as the record reveals that Xholi submitted a
declaration from his brother stating that he was attacked by

5

three people during a 2006 visit to Albania.  However, even assuming this finding was erroneous, remand would be futile in this case because the IJ's broader credibility determination is amply supported by the record and we can confidently predict based on the IJ's non-erroneous findings, that the agency would reach the same credibility determination absent this error.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006).  The IJ did not rely disproportionately on the lack of corroborating evidence concerning the alleged attack against Xholi's brother; instead, the IJ appeared to reach the adverse credibility determination based on the cumulative effect of the other findings.  *See Xiu Xia Lin*, 534 F.3d at 165-66.  Accordingly, the agency's denial of Xholi's asylum application was proper.

Because the IJ's adverse credibility finding was supported by substantial evidence, we need not reach her alternative findings that, even assuming credibility, Xholi failed to sustain his burden of proof to establish past persecution or a well-founded fear of future persecution.

Lastly, because Xholi's claims for withholding of removal and CAT relief share the same factual predicate as

his asylum claim, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk